UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Gary Murphy )
    Plaintiff )
)
)
v. ) Civil Action No.
)
Gold's Gym, FITLAB Fitness Club, )
On Target Management, Inc. )
and Dow Fitness, Inc. )
)

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

This is a race discrimination and retaliation in employment case arising out of racial harassment and retaliatory termination.

### PARTIES

1. Plaintiff Gary Murphy is an African American male who resides in the State of New Hampshire.

2. Defendant Gold's Gym is the trade name for a national network of gyms including six gyms which formerly operated under this name in the State of New Hampshire.

3. Plaintiff worked at the Gold's Gym in Manchester, New Hampshire before being transferred to the Merrimack gym.

4. Fitlab Fitness Club is the successor trade name for the six Gold's Gyms located in New Hampshire, including the gyms employing the Plaintiff.

1

5. On Target Management, Inc. and Dow Fitness, Inc. are corporations which own or owned the New Hampshire fitness clubs currently operating under the trade name of Fitlab Fitness Club and formerly known as Gold's Gym.

## JURISDICTION AND VENUE

6. This action is brought pursuant to this Court's federal question jurisdiction under 28 U.S.C. §1331, and its supplemental jurisdiction over state law claims pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this State because the alleged acts occurred within this State.

## PROCEDURAL HISTORY

8. Plaintiff brought a timely Charge of Discrimination and Retaliation to the New Hampshire Commission for Human Rights and the Equal Employment Opportunity Commission.

9. The Commission found probable cause to believe that Plaintiff had been discriminated against in his employment and subject to retaliation by being fired. It found no probable cause on Plaintiff's claim of harassment.

10. Defendant On Target Management removed this case to Hillsborough County South Superior Court pursuant to RSA 354-21-a.

11. Plaintiff requested a Right to Sue letter.

12. The EEOC issued a Right to Sue letter which was received on May 20, 2019.

## FACTS COMMON TO ALL COUNTS

13. Plaintiff was hired by Defendants to serve as a personal trainer at Gold's Gym in Manchester on or about February 2015.

14. Plaintiff's work performance was good.

15. On or about April 1, 2015, his supervisors used the "N----" word in conversation with the Plaintiff in the context of their desire to get confederate flags.

16. Plaintiff made a complaint about this racial harassment to the manager of personal trainers.

17. After plaintiff made this complaint, he was retaliated against by being assigned fewer clients than Caucasian trainers.

18. Defendants failed to investigate or remedy Plaintiff's complaint.

19. On or about June 17, 2015, Plaintiff was informed by management that a female client had allegedly complained about him sending her improper text messages.

20. Defendants did not request the alleged texts or conduct an investigation.

21. Plaintiff's request to be shown these texts was denied.

22. This complaint was false.

23. The alleged reliance on the complaint was a pretext to retaliate against the Plaintiff.

24. As a result of this complaint, Plaintiff was transferred to the Merrimack gym on June 18, 2015 and demoted to the position of floor trainer.

25. On June 19, 2015, Plaintiff complained to the Chief Executive Officer of the New Hampshire franchises of Gold's Gym about being falsely accused.

26. On the same day, subsequent to and as a result of making of this complaint, Plaintiff was fired from his employment.

27. The reason given was "overstepping direct supervisor after being reprimanded".

28. Plaintiff has suffered serious emotional and financial loss as a result of being harassed and discriminated against.

29. Defendant acted intentionally or with reckless disregard for Plaintiff's federally protected rights.

30. Defendants acted with willful and reckless disregard of Plaintiff's rights under RSA 354-A.

## COUNT I

## VIOLATION OF 42 U.S.C. §2000e-2(a)(1)

## DISCRIMINATION/HARASSMENT

31. Plaintiff was subject to severe and/or pervasive racial harassment which had the effect of changing the terms and conditions of his employment.

32. Defendants are liable for their failure to provide an adequate and timely remedy after the Plaintiff complained.

## COUNT II

## VIOLATION OF 42 U.S.C. §2000e - 3(a)

33. Defendants retaliated against Plaintiff for opposing unlawful discriminating employment practices by a) assigning him fewer clients; b) transferring and demoting him; c) terminating his employment after he complained about the earlier retaliatory actions against him.

4

## COUNT III

## SUPPLEMENTAL STATE CLAIM FOR VIOLATION OF NH RSA 354-A:7

## DISCRIMINATION

34. Defendants violated Plaintiff's rights to be free from discrimination in employment based upon his race by failing to remedy his complaint of racial harassment.

## COUNT IV

## SUPPLEMENTAL STATE LAW CLAIM for VIOLATION OF RSA 354-A:19

## RETALIATION

35. Plaintiff complained about illegal practices of race discrimination and retaliation prohibited by RSA 354-A.

36. Plaintiff was retaliated against for making those complaints by demotion and being fired.

**WHEREFORE**, Plaintiff respectfully requests:

- A. That he be reinstated with retroactive seniority.
- B. That he be awarded past and future lost wages including lost fringe benefits resulting from the illegal discrimination and retaliation.
- C. That he be awarded compensatory damages for his non wage losses;
- D. That he be awarded enhanced compensatory damages;
- E. That he be awarded punitive damages;
- F. That he be reimbursed for his reasonable attorney's fees and expenses;
- G. That he be awarded prejudgment interest;
- H. That he be compensated for any tax loss arising out of the Court's judgment;
- I. Whatever other relief the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

                              Respectfully submitted,
                              Gary Murphy
                              By His Attorneys
                              Backus, Meyer & Branch, LLP

Dated: __8/13/19__               BY: __/s/ Jon Meyer__
                                                  Jon Meyer, Esquire
                                                  Backus, Meyer & Branch, LLP
                                                  116 Lowell Street, PO Box 516
                                                  Manchester, NH 03105-0516
                                                  (603) 668-7272
                                                  jmeyer@backusmeyer.com